UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHNNY LEE RAY, | ) | 1:11-cv—01164-SKO-HC |
| Petitioner, | ) ) ) | ORDER TO PETITIONER TO SHOW CAUSE WITHIN THIRTY DAYS OF SERVICE WHY THE PETITION SHOULD NOT BE |
| v. | ) ) | DISMISSED FOR FAILURE TO EXHAUST STATE COURT REMEDIES (DOC. 1) |
| UNKNOWN, | ) ) | DEADLINE FOR RESPONDING TO ORDER |
| Respondent. | ) ) ) | TO SHOW CAUSE: THIRTY (30) DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303. Pending before the Court is Petitioner's petition, which was filed in this Court on July 11, 2011.

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."

1

Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Petitioner, an inmate of the Avenal State Prison at Avenal, California, alleges that his sentence was excessive because he received multiple, consecutive terms for the same offense. Petitioner seeks to relieve prison overcrowding in California by having his sentence modified.

The petition suffers from several defects. Petitioner does not name a respondent. Further, he gives no information concerning the identity of the court in which he was sentenced; thus, the appropriate venue of this action is unclear. However,

the primary problem concerns exhaustion of Petitioner's claim in the state courts. Petitioner does not allege that he exhausted any state court remedies as to his claim of an excessive sentence. A search of the official website of the California courts for cases under party name using Petitioner's name resulted in no cases being found.[1]

## II. Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official web sites. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v Martel, 601 F.3d 882, 885 (9th Cir. 2010), cert. denied, 131 S.Ct. 332 (2010).

3

was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law.

4

> See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Here, Petitioner does not allege he exhausted his claim, and he does not specifically describe any proceedings in the state courts in which he exhausted his claim. Therefore, upon review of the petition, it appears that Petitioner has not presented his claim to the California Supreme Court. Thus, the Court cannot proceed to the merits of the claim. 28 U.S.C. § 2254(b)(1). It

1 is possible, however, that Petitioner has presented his claim to
2 the California Supreme Court but simply neglected to inform this
3 Court.
4 　　　Thus, Petitioner must inform the Court if his claim has been
5 presented to the California Supreme Court, and if possible,
6 provide the Court with a copy of the petition filed in the
7 California Supreme Court, along with a copy of any ruling made by
8 the California Supreme Court.  Without knowing what claims have
9 been presented to the California Supreme Court, the Court is
10 unable to proceed to the merits of the petition.
11 　　　III.  Order to Show Cause
12 　　　Accordingly, Petitioner is ORDERED to show cause why the
13 petition should not be dismissed for Petitioner's failure to
14 exhaust state court remedies.  Petitioner is ORDERED to inform
15 the Court what claims have been presented to the California
16 Supreme Court within thirty (30) days of the date of service of
17 this order.
18 　　　Petitioner is forewarned that failure to follow this order
19 will result in dismissal of the petition pursuant to Local Rule
20 110.

IT IS SO ORDERED.

**Dated:   July 20, 2011**　　　　　　　　　　　　　　**/s/ Sheila K. Oberto**
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE